# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| W.G. TOMKO, INC., : | |
| : | CIVIL ACTION NO. : |
| Plaintiff, : | |
| vs. : | |
| : | |
| STARR INDEMNITY AND LIABILITY : | |
| COMPANY, : | |
| : | |
| Defendant. : | |
| : | |

## DEFENDANT STARR INDEMNITY AND LIABILITY COMPANY'S
## NOTICE OF REMOVAL

TO THE JUDGES OF THE COURT:

Defendant Starr Indemnity and Liability Company (hereinafter "Starr" or "Defendant"), by and through its attorneys, Kennedys CMK LLP, hereby files this Notice of Removal from the Court of Common Pleas of Allegheny County, Pennsylvania, Docket No. GD-24-005065, in which it was filed, to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, and in support thereof, avers as follows:

1. Plaintiff, W.G. Tomko, Inc., ("Plaintiff" or "Tomko") commenced this action by filing a Complaint on May 3, 2024, with the Allegheny County Court of Common Pleas entitled *W.G. Tomko, Inc. v. Starr Indemnity and Liability Company*, Docket No.: GD-24-005065 (the "Action"). A true and correct copy of the Complaint in the Action with exhibits is attached as **Exhibit "A"**.[1]

---

[1] By referring to the allegations in the Complaint, Starr does not admit or acknowledge the truth thereof.

1

2. On May 20, 2024, Plaintiff filed a Proof of Service in the Action. A true and correct copy of the Proof of Service in the Action is attached as **Exhibit "B"**[2].

3. No orders have been entered and no other process or pleadings have been served upon Starr in the Action.

4. In the Complaint, Plaintiff avers that it commenced litigation against Clearway Energy, Inc. ("Clearway") and Energy Center Pittsburgh ("ECP") in the Court of Common Pleas of Allegheny County, Docket No. GD-22-009351 (the "Underlying Lawsuit"), seeking damages for repair work performed on a steam system owned by Clearway and ECP, work which was subcontracted to Tomko from its upstream contractor Mascaro Construction Company, L.P. ("Mascaro"). (*See* Complaint, Ex. A, ¶ 7.)

5. Tomko alleges that Clearway and ECP filed a joinder complaint against Mascaro seeking damages for Tomko's alleged defective work. (*See id.* at ¶ 8.)

6. Tomko alleges that it is entitled to coverage for indemnity under an excess liability insurance policy issued by Starr to Tomko in connection with the Underlying Lawsuit.

7. Specifically, Tomko alleges that it seeks a judicial declaration "that coverage exists pursuant to the insurance agreement" and a declaration "that Starr is required to tender its policy limits." (*See* Complaint, Ex A., ¶¶ 15-16.)

8. Pursuant to 28 U.S.C. § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

---

[2] Starr disputes that service was proper as Plaintiff contends.

28 U.S.C. § 1446(b)(3).

9. For the purpose of removal pursuant to Section 1446(b), the "initial pleading" is the Complaint. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005).

10. As shown hereunder, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because Plaintiff's Complaint, filed on May 3, 2024, is the "initial pleading".

11. Federal district courts have original jurisdiction over civil actions where the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1).

12. Federal jurisdiction exercised pursuant to diversity of citizenship requires that each plaintiff be diverse from every defendant. *See In re Briscoe*, 448 F.3d 201, 215, 215 (3d Cir. 2006).

13. A corporation is deemed a citizen of the state in which it is incorporated and the state where it maintains its principal place of business for purposes of establishing diversity of citizenship. 28 U.S.C. § 1332(c)(1).

14. Plaintiff avers in its Complaint that it is a company located in Finleyville, Pennsylvania and transacts business in Allegheny County. (*See* Complaint, Ex. A, ¶1.)

15. The Pennsylvania Department of State's online database lists W.G. Tomko, Incorporated as a domestic corporation with its registered office located at 2559 Library Road, Finleyville, Pennsylvania. *See* Pennsylvania Department of State record accessed on May 7, 2024, attached as **Exhibit "C"**.

16. Therefore, upon information and belief, Plaintiff's principal place of business is 2559 Library Road, Finleyville, Pennsylvania.

17. Thus, for the purposes of this removal action, Tomko is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

18. Starr is a corporation organized under the laws of the State of Texas with its principal place of business in New York. Consequently, for purposes of this removal action, Starr is a citizen of Texas and New York. *See* 28 U.S.C. § 1332(c)(1).

19. Therefore, diversity of citizenship exists between Plaintiff and Defendant.

20. The amount in controversy is generally determined from the complaint itself. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993).

21. Plaintiff is seeking declaratory and monetary relief in its Complaint: for a declaration that coverage exists under an excess insurance policy with policy number 1000585372181, and for Starr to tender the policy limit of $10,000,000. (*See* Complaint, Ex. A, ¶¶ 5, 15, 16.)

22. Based on the allegations of Plaintiff's Complaint, the amount in controversy exceeds the jurisdictional limit of $75,000 established by 28 U.S.C. § 1332(a).

23. Therefore, the amount in controversy requirement is satisfied.

24. Venue is proper before this Court pursuant to 28 U.S.C. § 1441(a) because this is the Federal District Court for the district and division embracing the place where the Action is pending, which is the Court of Common Pleas of Allegheny County, Pennsylvania.

25. Plaintiff is a citizen of Pennsylvania and Starr is not a citizen of Pennsylvania. Therefore, there is complete diversity of citizenship and 28 U.S.C. § 1441(b)(2) does not preclude removal of the Action.

26. The Action is not among the classes of cases that are not subject to removal pursuant to 28 U.S.C. § 1445.

27. Accordingly, for the reasons set forth above, this Court has the authority to exercise jurisdiction over this matter by virtue of 28 U.S.C. § 1332, *et seq*. and 28 U.S.C. § 1441, *et seq*.

28. Promptly after filing this Notice of Removal, Starr will provide written notice of the removal to Plaintiff and will file a copy of the Notice of Removal with the Allegheny County Court of Common Pleas.

29. Nothing in Starr's Notice of Removal shall be interpreted as a waiver or relinquishment of its rights to assert any defense or affirmative matter or an admission to any of the allegations made in the Complaint.

WHEREFORE, based on the foregoing, Defendant Starr Indemnity and Liability Company respectfully requests that Plaintiff's action, entitled *W.G. Tomko, Inc. v. Starr Indemnity and Liability Company*, Docket No.: GD-24-005065, filed with the Allegheny County Court of Common Pleas, be removed to the United States District Court for the Western District of Pennsylvania.

                              Respectfully submitted,

By:   /s/ Gavin Fung  
      Thomas J. Seery
      Attorney I.D. No.: 318954
      Gavin Fung
      Attorney I.D. No.: 318709
      KENNEDYS CMK, LLP
      1600 Market Street
      Suite 1410
      Philadelphia, PA 19103
      (267) 479-6700 (phone)
      (267) 470-6710 (fax)
      Thomas.Seery@kennedyslaw.com
      Gavin.Fung@kennedyslaw.com
      Attorneys for Defendant,
      Starr Indemnity and Liability Company

Date: June 3, 2024