## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| W. G. TOMKO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-801 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| STARR INDEMNITY AND LIABILITY | ) | Re: ECF No. 8 |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff W.G. Tomko, Inc. ("Tomko") commenced this declaratory judgment seeking a determination of insurance coverage allegedly owed by its excess insurer. ECF No. 1 ¶¶ 1, 4, 21. Presently before the Court is the Motion to Dismiss Plaintiff's Complaint filed by Defendant Starr Indemnity and Liability Company ("Starr"). ECF No. 8. Starr moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, and under Rule 12(b)(2) because it contends this declaratory judgment action is not yet ripe. Id. Starr asserts that Tomko's service of process by certified mail on a New York corporation is invalid because Tomko has not established that the individual who signed the return receipt card is authorized to accept service on Starr's behalf. ECF No. 9 at 10-11. Therefore, Starr argues that service was defective and personal jurisdiction is lacking.

In response, Tomko requests that the Court exercise its discretion to allow additional time for Tomko to effect service on Starr or, in the alternative, to engage in discovery limited to the issue of service. ECF No. 15.

In reply, Starr does not assert that it would suffer prejudice through the exercise of the Court's discretion to permit service or discovery but reiterates its argument that service was not properly effectuated. ECF No. 16.

A district court may grant an extension to permit service in a case where good cause has not been shown. See Fed. R. Civ. P. 4(m); Chiang v. U.S. Small Bus. Admin., 331 F. App'x 113, 116 (3d Cir. 2009) ("[e]ven if good cause is not shown, other factors may warrant an extension of time for service. A district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.") (internal citations omitted).

In the instant case, the record reflects that Starr had actual notice of this action within thirty days of filing. ECF No. 1 ¶¶ 1, 10; ECF No. 1-3 at 2. Further, as set forth in Starr's supplemental notice, the underlying liability trial is scheduled to take place in state court in May 2025. ECF No. 17. Thus, a short delay will not prejudice any party given that this action seeks indemnity only for any liability imposed in the underlying action. In balance, the Court concludes that the interests of judicial economy favor granting Tomko an extension of time to effectuate service.

Accordingly, pursuant to Federal Rule of Civil Procedure 4(m) and for the reasons set forth herein, IT IS HEREBY ORDERED that Tomko is granted 45 days to properly effect service on Starr or to conduct discovery limited to the authority of the individual who signed the return receipt card to accept service on Starr's behalf.

IT IS FURTHER ORDERED that the pending Motion to Dismiss, ECF No. 8, is denied without prejudice to be refiled upon resolution of the issue of service.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will waive any appellate rights.

Dated: December 10, 2024                         BY THE COURT:

                                                 MAUREEN P. KELLY
                                                 UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record via CM/ECF